**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 3:12-cr-00015-HDM-WGC |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| CAMERON MUHLENBERG, | ) | |
| Defendant. | ) | |

Before the court is the defendant Cameron Muhlenberg's ("defendant") motion to correct, vacate or set aside his sentence pursuant to 28 U.S.C. § 2255 (#89, #92). The government has responded (#95), and defendant has replied (#99).

On February 1, 2012, the grand jury returned an indictment charging defendant with interference with commerce by armed robbery in violation of 18 U.S.C. § 1951, use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A), and aiding and abetting. On April 25, 2012, the grand jury returned a superseding indictment against the defendant.

On September 7, 2012, defendant signed a binding plea agreement in which he agreed to plead guilty to armed robbery and one count of use of a firearm. On September 12, 2012, changed his plea to guilty on those counts. Defendant's agreement waived his

right to appeal a sentence within or below the guidelines or any other aspect of the conviction or sentence, and waived all collateral challenges, including under 28 U.S.C. § 2255, except non-waivable ineffective assistance of counsel claims.  (Doc. #52 at 4, 13).

On May 1, 2013, the court accepted the binding plea and sentenced defendant to a term of 96 months imprisonment on the armed robbery counts and a consecutive term of 84 months on the firearm count.

On April 30, 2014, defendant filed the instant motion for relief under 28 U.S.C. § 2255.  Defendant's motion asserts several claims of ineffective assistance of counsel against two of his attorneys.  The court by this order addresses only one: defendants' claim that attorney Richard Molezzo failed to file a notice of appeal on defendant's behalf despite defendant requesting that he do so.

Ineffective assistance of counsel is a cognizable claim under § 2255.  *Baumann v. United States*, 692 F.2d 565, 581 (9th Cir. 1982).  In order to prevail on a such a claim, the defendant must satisfy a two-prong test.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  First, the defendant must show that his counsel's performance fell below an objective standard of reasonableness.  *Id.* at 687-88.  "Review of counsel's performance is highly deferential and there is a strong presumption that counsel's conduct fell within the wide range of reasonable representation." *United States v. Ferreira-Alameda*, 815 F.2d 1251, 1253 (9th Cir. 1986).  Second, the defendant must show that the deficient performance prejudiced his defense.  *Strickland*, 466 U.S. at 687.

This requires showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Defendant asserts that he told Molezzo he wanted to file an appeal but Molezzo failed to do so. A "lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). "[W]hen counsel fails to file a requested appeal, a defendant is entitled to resentencing and an appeal without showing that his appeal would likely have had merit." *Sandoval-Lopez*, 409 F.3d at 1197 (quoting *Peguero v. United States*, 526 U.S. 23 (1999)). This is true even where the defendant has waived his right to appeal. *Id.* at 1198.

The court has two options when a defendant asserts his attorney failed to file a requested appeal. Either it may conduct an evidentiary hearing to determine whether the defendant's allegation is true, or, if the government does not oppose, it may "assum[e] without deciding that the petitioner's claim is true" and "vacate and reenter the judgment without a hearing and allow the appeal to proceed." *Id.*

Here, the government has elected to not oppose defendant's petition in this limited respect, believing it more efficient to allow defendant to file his appeal than to proceed with an evidentiary hearing. Accordingly, assuming without deciding that defendant asked Molezzo to file a notice of appeal and that Molezzo did not do so, the court hereby **VACATES** the judgment entered on May

3

8, 2013, and directs that judgment be reentered forthwith. Defendant is advised that once judgment has been reentered, he will have fourteen days within which to file his notice of appeal.

As the judgment will be vacated and reentered, the remainder of defendant's § 2255 petition is **DENIED WITHOUT PREJUDICE**, to renew following resolution of the defendant's appeal.

**IT IS SO ORDERED.**

DATED: This 13th day of November, 2014.

_____
UNITED STATES DISTRICT JUDGE